Not Recommended for Publication or Citation

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

CIVIL ACTION NO. 0:09-CV-00096-HRW

ANTWANNIQUE BANKS                                                          PETITIONER

VS:                    **MEMORANDUM OPINION AND ORDER**

UNITED STATES OF AMERICA                                                   RESPONDENT

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Antwannique Banks, an individual currently confined in the Federal Correctional Institution in Ashland, Kentucky, has submitted a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, and he has paid the District Court $5.00 filing fee for a habeas proceeding.

The Petition is now before the Court for screening. 28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL 31388736, \*1 (6th Cir. 2002).[1] For the reasons set forth below, this matter will be dismissed.

## I. FACTUAL BACKGROUND

In his Petition and attached Memorandum [Record No. 2], Antwannique Banks writes that on January 28, 2008, upon a plea of guilty, he was convicted of conspiracy to possess with intent to

---

[1] As this is a *pro se* proceeding, the Petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his petition are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But if the Court determines that the petition fails to establish adequate grounds for relief, it may dismiss the petition or make such disposition as law and justice require. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

distribute more than 50 grams of cocaine base in the United States District Court for the Western District of Virginia, *United States v. Banks*, Case no. 7:06-CR-107-001. He was sentenced to 188 months imprisonment. Petitioner states that he did not appeal, nor file any Motion to challenge his conviction or sentence. Now, after more than a year has passed, Petitioner's time to bring a Section 2255 Motion has run. 28 U.S.C. § 2255(f) ("A 1-year period of limitation shall apply. . . .").

Therefore, Banks has come to this Court, in the district of his confinement, seeking to use its habeas jurisdiction pursuant to 28 U.S.C. § 2241, to challenge his sentence. He claims that the prior convictions which the probation officer set out in the his criminal history portion of his presentence report, were used to arrive a higher criminal history score and consequently, a longer sentence than he should have received. He lists the priors, and he asserts that two of the charges "could not be used" but were used, nonetheless, so that his criminal history level ended up at a 2.

Petitioner faults his attorney, claiming that he rendered ineffective assistant under the standards of *Strickland v. Washington*, 466 U.S. 668 (1984), by failing to object to the criminal history convictions. Banks also criticizes the federal presentence report system which purportedly has given probation officers and prosecutors "enormous power," at the expense of the sentencing Court's role.

The Petitioner asks that this Court vacate his sentence and resentence him under a criminal history score of 0-1.

## DISCUSSION

Banks' claim is not cognizable through a habeas corpus petition pursuant to 28 U.S.C. § 2241. Section 2241 may be used by a prisoner to challenge decisions affecting the manner in which his sentence is being carried out, such as the computation of sentence credits or parole eligibility.

2

*United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999). But it is not generally available to challenge his conviction or sentence itself. Instead, a federal prisoner must ordinarily challenge the legality of his conviction or sentence by filing a post-conviction motion under 28 U.S.C. § 2255 with the trial court. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003).

However, the "savings clause" of Section 2255 expressly permits a prisoner to seek habeas corpus relief under Section 2241 if his remedy under Section 2255 "is inadequate or ineffective" to test the legality of his detention. 28 U.S.C. § 2255(e). Section 2255 is not rendered an "inadequate and ineffective" remedy, however, where the prisoner failed to seize an earlier opportunity to correct a fundamental defect in his conviction under law existing at the time of conviction. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002).

To date, the Sixth Circuit has concluded that Section 2255 is an "inadequate and ineffective" remedy in only one circumstance: where the petitioner presents a viable claim of "actual innocence." *Truss v. Davis*, 2004 WL 2203581, *2 (6th Cir. 2004). Technical or procedural errors committed during the course of trial or sentencing cannot provide the basis for an "actual innocence" claim. Rather, the "actual innocence" must be "factual innocence," meaning that the petitioner did not commit the conduct proscribed by the criminal statute under which he was convicted. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003).

Notwithstanding its label, the "factual innocence" requirement does not invite or permit the habeas petitioner to challenge the sufficiency of the evidence adduced against him at trial. Factual innocence must instead be predicated upon a Supreme Court decision, decided after the petitioner's conviction became final, which interprets the criminal statute under which he was convicted in a

3

materially different manner than that prevailing at the time of his conviction. *Id.*; *Lott v. Davis*, 2004 WL 1447645, *2 (6th Cir. 2004) (unpublished disposition) ("Although this court has not determined the exact scope of the savings clause, it appears that a prisoner must show an intervening change in the law that establishes his actual innocence in order to obtain the benefit of the savings clause.").

In other words, a petitioner may only use Section 2241 to challenge his conviction where, after his conviction has become final, the Supreme Court re-interprets the terms of the statute petitioner was convicted of violating in such a way that petitioner's actions did not violate the statute. *Martin*, 319 F.3d at 804 ("A prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241."); *United States v. Peterman*, 249 F.3d 458, 461-62 (2001).

Banks' claim does not satisfy this requirement. He asserts a challenge to the legality of his sentence which could and should have been asserted prior to or at his sentencing, on a direct appeal, or in a Section 2255 Motion. Also, this claim is not a claim of "actual innocence" because, even if true, the trial court did not convict him of conduct "that the law does not make criminal" in light of a Supreme Court decision handed down after his time ran for direct appeal or first collateral attack.

Because the claim herein is not cognizable in a habeas corpus proceeding under Section 2241, *Bousley v. United States*, 523 U.S. 614, 620 (1998), his Petition must be denied.

## CONCLUSION

The Court being sufficiently advised, it is **ORDERED** as follows:

1. Antwannique Banks' Petition for a Writ of Habeas Corpus [R. 2] is **DENIED**; and

2. this action is **DISMISSED**, *sua sponte*, and Judgment shall be entered

4

contemporaneously with this Memorandum Opinion and Order in favor of the named Respondent.

This 11 day of January, 2010.

```
                                            /s/ Henry R. Wilhoit, Jr.
                                        _____
                                        HENRY R. WILHOIT, JR.
                                        SENIOR U. S. DISTRICT JUDGE
```